**Peoples v. Johnson**

*Richard L. Cantor*, for plaintiffs.

*G. Clinton Fogwell, Jr.*, for defendant.

MARRONE, J., January 26, 1971.—Plaintiffs in this case have filed objections to certain interrogatories propounded by defendant pursuant to Pa. R. C. P. 4005 and 4006. The interrogatories to which objections were filed consist primarily of questions regarding medical bills, reports, loss of wages and the nature of the injuries. Plaintiffs' basis for refusing to answer the interrogatories is that all information required in answer to those questions already has been supplied to the insurance carrier for defendant. They argue, therefore, that further discovery on these matters is sought in bad faith and causes unreasonable annoyance and oppression to plaintiffs and their counsel.

Discovery, and deposition in furtherance thereof, is available to a party when it will substantially aid in the preparation of pleadings or trial: Pa. R. C. P. 4007(a). Plaintiffs' counsel contends that having already ascertained all of the relevant facts dealing with the bills and medical reports and the other information sought in the interrogatories, defendant cannot be substantially aided by the discovery sought. Defendant, on the other hand, argues that he should not be deprived of his right to obtain answers to the interrogatories merely because plaintiffs supposedly gave

similar information to a nonparty, i.e., the insurance carrier for defendant at an earlier date. He argues further that he has the right to file and serve interrogatories in order to acquire sworn answers which will substantially aid in the preparation or trial of the case.

Treating first the second ground, i.e., whether defendant is entitled to answer "under oath," we point out, as did the court in Davis v. Zazow, 23 D. & C. 2d 143 (1960), that if defendant wanted affirmance of plaintiffs' prior statements, under oath, it would have been a simpler matter to produce the statements and then question plaintiffs concerning them. We see in this case what has been referred to as the "frequent cat-and-mouse game in sparring for tactical position" referred to by the court in Fahey v. Philadelphia Transportation Co., 15 D. & C. 2d 555 (1958). If defendant has the requested information, he is not entitled to get it "under oath" for the reasons he advances. We will not grant relief on those grounds.

However, the mere fact that plaintiffs supposedly gave similar information to an investigator for defendant's insurance carrier does not, of itself, relieve them of the duty to answer the interrogatories as filed. If that information was made available in a written statement, then plaintiffs are entitled to copies of that statement: Davis v. Zazow, supra. Here, no request has been made of defendant for such copies and plaintiffs do not base their claim for relief on those grounds.

The facts in this case are more akin to those in Benezet v. Westinghouse Electric Supply Co., 29 D. & C. 2d 71 (1962), where, under circumstances similar to those in the instant case, a plaintiff was ordered to answer such questions as may be propounded.

There is an additional reason why this court is hesitant to uphold plaintiffs' objections. Not knowing

the extent of the information supplied, nor when that information was supplied, leads us to conclude that plaintiffs should be required to make answer to the interrogatories. The accident leading to the suit happened on October 14, 1968, and the interrogatories were filed and served on plaintiffs on May 7, 1970. In determining whether discovery will substantially aid defendant, we are influenced by the length of time between the happening of the accident and the time of the filing of the interrogatories. There is nothing before us as to when the information allegedly given the insurance carrier was so given. The questions propounded in the interrogatories could elicit information in addition to that which has already been supplied defendant through his insurance carrier. In brief, although it would appear that part of defendant's motive is not to obtain aid in the preparation of his case but rather to place plaintiffs in an unfavorable tactical position, still we cannot say on the record before us that plaintiffs are entitled to a protective order.

## ORDER

And now, January 26, 1971, it is ordered and decreed that plaintiffs' objections to interrogatories 2, 3, 4, 5, 6, 7, 8, 9, 10, 12, 14 and 15 are dismissed and plaintiffs are hereby ordered to answer the said interrogatories within 20 days of this order.